CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
3/1/19
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:02-CR-30020 |
| | ) | |
| v. | ) | |
| | ) | |
| JESSIE WILLIAM NEWTON, III, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Jesse William Newton, III, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 1446. In addition to seeking a reduction of his sentence under the First Step Act, Newton asserts that under current law he would not be considered a career offender, and that even if he is considered a career offender, he should be resentenced to a term significantly below his career offender guideline range. He urges the court to find that he has over-served his sentence and to resentence him to time served. The government responded to the motion and does not contest that Newton is eligible for a reduction of his sentence pursuant to the First Step Act. However, the government disagrees that Newton is entitled to a finding that he is not a career offender and asserts that he is only entitled to a reduction of his sentence from 360 months to 262 months. For the reasons set forth below, the court will **GRANT** Newton's request and modify his sentence to time served, to be followed by a four-year term of supervised release.

## BACKGROUND

On March 20, 2003, a jury convicted Newton of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, which triggered a 120-month mandatory sentence under 21 U.S.C. § 841(b)(1)(A). ECF Nos. 213, 294. His total offense

level was 37. His criminal history points established a criminal history category of V, but because he was categorized as a career offender, his criminal history category was VI, based on U.S.S.G. § 4B1.1(b). ECF No. 1451 at 8-9, 12. Based on a total offense level of 37 and a criminal history category of VI, his guideline range was 360 months to life.

Newton qualified as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. ECF No. 1451 at 8. The prior felony convictions were for breaking and entering when he was 16 and 17 years old. Although charged as a juvenile in both counts, he was tried and convicted as an adult. ECF No. 1451 at 9-10. Sentences for both convictions originally were suspended, but after he was found to have violated the terms of probation he was ordered to serve two years of the original sentence on one count and one year on the second count.

On June 17, 2003, Newton was sentenced to a term of 360 months in prison on the federal charge, to be followed by a five-year term of supervised release. ECF No. 294 at 2-3. The sentence was at the bottom of his mandatory guideline range. He has been incarcerated since August 8, 2002 and has served 198 months to date.

On June 24, 2016, Newton filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing that his prior convictions for breaking and entering under Virginia Code § 18.2-91 should not have been used to find that he was a career offender. ECF No. 1404. On March 12, 2018, this court denied Newton relief, finding that the § 2255 petition was untimely.

Newton seeks First Step Act relief, and also asks that the career offender designation be removed, because the state statute under which he was convicted of breaking and entering

no longer serves as a predicate crime for the career offender guideline. In the alternative, he asks that his sentence be modified under current law, that the Guidelines be applied to him in an advisory rather than mandatory manner, and that the court sentence him well below the Guidelines range.

## I. First Step Act

At the time Newton was sentenced, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by

3

section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The parties agree that the First Step Act applies to Newton. Because he was indicted on 50 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2007, Newton would have faced a maximum term of 40 years rather than life imprisonment. In turn, that maximum sentence would have resulted in an offense level of 34 rather than 37 under the career offender guideline. With a criminal history category of VI, the corresponding advisory range for offense level 34 is 262-327 months of imprisonment. In addition, his mandatory minimum sentence would have been 60 months rather than 120 months.

Had Newton been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 262 months, followed by a 4-year term of supervised release. A sentence of 262 months represents the bottom of the sentencing range of 262-327 months. Such a modification corresponds to his current sentence of 360 months, which was the bottom of the 360-months-to-life sentencing range. Thus, the government argues that an appropriate sentence for Newton under the First Step Act would be 262 months, followed by a four-year term of supervised release, while Newton seeks additional modifications of his sentence, as discussed below.

## II. Designation as a Career Offender

Newton argues that under current law he would not be considered a career offender because the two breaking-and-entering convictions no longer are considered predicate offenses. See United States v. Dooley, 228 F.Supp.3d 733 (W.D. Va. 2017) (holding that

4

Virginia statutory burglary does not fall within definition of generic burglary) and United States v. Castendet-Lewis, 855 F.3d 253 (4th Cir. 2017) (applying the categorical approach to find that Virginia burglary statute is broader than federal crime of generic burglary).

He then asserts that because he would not be considered a career offender under current law, his criminal history category would have been V instead of VI. Coupled with a base offense level of 30, his drug offense guideline sentence would be 151-188 months. The government counters that Newton is attempting to rehash the argument that he raised in his § 2255 petition that was rejected by this court.

In his § 2255 motion, Newton argued that the reasoning set forth in Johnson v. United States, 135 S.Ct. 2551 (2015), applied to him even though he was sentenced under the sentencing guidelines and not the Armed Career Criminal Act. ECF No. 1415. He claimed that the pre-Booker mandatory sentencing guidelines,[1] which fixed his sentencing range, acted as the functional equivalent of a statutorily imposed sentence, and, as a result, he was entitled to relief under Johnson. He further argued that the decision in United States v. Beckles, 137 S.Ct. 886 (2017),[2] did not apply to him because he was sentenced when the guidelines were still mandatory rather than advisory.

This court found Newton's § 2255 motion to be untimely, citing United States v. Brown, 868 F.3d 297 (4th Cir. 2017), for its holding that neither Johnson nor Beckles expressly

---

[1] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation, the Sentencing Guidelines are advisory and not mandatory).
[2] In Beckles, the Court held that the Sentencing Guidelines are not subject to a "void for vagueness" challenge because they are advisory rather than mandatory. Beckles, 137 S.Ct. at 892.

recognized the right of a defendant sentenced under the pre-Booker mandatory guidelines to obtain relief and thus did not recognize a new right in the mandatory sentencing context. The court in Brown found that the petitioner's argument was untimely because absent a newly recognized right, the § 2255 petition was subject to the one-year limitations period that began to run when the conviction became final. Id. at 301, 304. This court relied on the reasoning in Brown to find that Newton's motion was time-barred. ECF No. 1425.

Newton argues that his § 2255 petition was dismissed because it was untimely under Brown, rather than on the merits. He then argues that Section 404 of the First Step Act creates a freestanding remedy for defendants like Newton who are eligible for relief. He bases his argument on the fact that the text of the statute allows a court to "impose" a sentence, rather than "modify" or "reduce" a sentence. He also notes that under § 404(c), a court shall not entertain a "motion made under this section" if the sentence was previously imposed or previously reduced in accordance with the amendments made by Sections 2 and 3 of the Fair Sentencing Act or if a previous motion was denied after a complete review of the merits. He posits that while the statute does not allow a court to consider a motion if a previous motion was brought under the First Step Act, it does not bar consideration of motions previously considered in other contexts.

The court does not find it necessary to reach this issue, because as discussed more fully below, it finds that it has authority under 18 U.S.C. § 3582(c)(2) to modify Newton's sentence, taking into account the advisory nature of the Guidelines after Booker and the considerations set forth in 18 U.S.C. § 3553 (a).

## III. Effect of Current Guidelines Being Advisory

Newton argues that even if the career offender Guideline still applies, the Sentencing Guidelines are now advisory and courts routinely sentence career offenders significantly below their career offender guidelines. The government agrees that the court should recalculate the advisory guideline range under current law, and pursuant to the now-operative version of the United States Sentencing Guidelines, assess the Section 3553(a) factors based on the facts in the record and issue a new sentence, but argues that a full resentencing hearing is not authorized.[3] The parties disagree as to what extent Newton's sentence should be modified.

Newton has served 198 months without considering any good time credit he has earned. The government argues that his sentence should not be reduced to less than the 262 months provided by the First Step Act, which is a 98-month reduction of his current sentence of 360 months. The government cites the PSR which shows that Newton began offending at the age of 16 and was convicted of an offense every year thereafter except for a two-year period when he was incarcerated. In addition, he committed many of the offenses, including

---

[3] The government argues that a full resentencing is foreclosed by Dillon v. United States, 560 U.S. 817, 824-26 (2010), where the Supreme Court found that full sentencing rehearings are not authorized by retroactive guideline reductions. The court does not reach this argument because it finds that there is no need to do so in this case. The court will consider the § 3553(a) factors. See United States v. Davis, 679 F.3d 190 (4th Cir. 2012) (holding that in the context of a Rule 35(b) motion, a district court can consider § 3553(a) factors). See also https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last viewed February 28, 2019) (noting in newsletter from the United States Sentencing Commission that courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing and stating "In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors, during the resentencing.")

the current one, while he was on probation. The government asks that in any event, Newton not be sentenced to less than time served.

Newton points out that he would not be found to be a career offender today because his underlying breaking-and-entering convictions would not serve as predicate offenses to find that he is a career offender and the government does not disagree. Without that designation, his Guidelines range would be 130-162 months. In addition, he argues that at sentencing, after the court found that he was a career offender, it did not address objections he raised to the PSR—that the drug weight was incorrect and that he was entitled to a two-level reduction for being a minor participant. ECF No. 1459-1 at 3-6, 13-14. Newton asserts that he was one of 26 defendants indicted for conspiracy to distribute cocaine base and that he had a clearly lesser role than three of his co-defendants who were identified as substantial suppliers and three who were primary distributors, but received a significantly longer sentence than all but one co-defendant because of the career offender enhancement. He also argues that although his criminal history began as a juvenile, his offenses were non-violent and the underlying drug distribution offense is non-violent as there was no evidence introduced at trial that he was ever seen with a weapon.

At sentencing, the court considered Newton's argument that his criminal history category and the resulting sentencing range overrepresented the seriousness of his past conduct, but declined to grant a downward departure, finding no exceptional circumstances on which to base a departure. ECF No. 1459-1 at 6, 12-13. The court did not address objections to Newton's role in the offense or to drug quantity because the career offender

guideline mandated a 360-month sentence. Id. at 13-14. The court noted, however, that there was not as much evidence against Newton as there was against other defendants. Id. at 2-3.

This court has reviewed Newton's PSR, the amended PSR, the sentencing transcript, and the arguments of the parties and finds that under the current Sentencing Guidelines and the 18 U.S.C. § 3553 factors, a sentence beneath Newton's Guideline range is warranted. Newton has served 198 months on a conviction where, if he were sentenced today, the sentencing range would be 130 to 162 months. In addition, there was some indication at the sentencing hearing that the 360-month sentence was out of proportion to Newton's role in the offense. Accordingly, the court **GRANTS** Newton's motion under the First Step Act and sentences him to time served. The court finds that this sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered.

Entered: 03-01-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge